**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**Grand Jury H-10-1**



FILED

2010 SEP 15 P 5: 29

U.S. DISTRICT COURT
HARTFORD, CT.

**UNITED STATES OF AMERICA**

v.

**CRIMINAL NO. 3:10CR148 (EBB)**

**VIOLATIONS:**

**JOSEPH SMITH**, a.k.a. "Nitty,"
**ROME ADAMS**, a.k.a. "Cup" and "E,"
**ANDREA SPENCER**, a.k.a. "Jackie" and "Miss Jackie,"
**JAMES HARRIS**, a.k.a. "BK,"
**BLANCHARD BAISDEN**, a.k.a. "Shrek," "Weedy," "Yak" and "B,"
**COREY CALBERT**, a.k.a. "Bump,"
**BREANN WYNTER**, a.k.a. "Bree,"
**KYLE PITTS,** a.k.a. "Bark,"
**KENDAL WILLIAMS**, a.k.a. "Cent,"
**LIONEL GARDNER**, a.k.a. "Bleek,"
**MALLORY MICKENS**, a.k.a. "Buddha,"
**EDWIN MALDONADO**, a.k.a. "Chunk,"
**JOSE MARTINEZ**, a.k.a. "Jav,"
**ALLEN BAILEY**, a.k.a. "Cheese,"
**ERIC HIPPOLYTE**, a.k.a. "Aaron Hippolyte" and "Hip,"
**BRANDON JONES**, a.k.a. "City,"
**DOMINIQUE MACK**, a.k.a. "Little Sweets,"
**FLOYD RILEY**, a.k.a. "F,"
**CHERRY BLUE**, a.k.a. "Toya,"
**MICHAEL PETTUS**, a.k.a. "Michael Dixon" and "Mez,"
**JOVAN SMITH**, a.k.a. "Hood,"
**TAMARA ANDERSON**, a.k.a. "T-Money,"
**ANTHONY CARUSO**, a.k.a. "Tone,"
**ARMANDO SOTO**, a.k.a. "Cuba,"
**BRANDY DAVIS**,
**RASCELL LEGGETT**, a.k.a. "Cell" and "Fat Ass,"
**JAQUAN LEGGETT**, a.k.a. "Tipsy,"
**JEFFREY MERRITT**, a.k.a. "Compton,"
**FRITZ VOLCY**,
**DEQUAN BARNO**, a.k.a. "Day Day,"
**RICKY HURT**, a.k.a. "Fool,"
**CURON JOHNSON**, a.k.a. "Buck," and
**SHANE HENRIQUES**, a.k.a. "Banks."

**21 U.S.C. § 846  (Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base, Heroin and Marijuana)**

**21 U.S.C. §§ 841(a)(1) and 841(b)(1) (Possession with Intent to Distribute and Distribution of Cocaine Base)**

**21 U.S.C. §§ 841(a)(1) and 841(b)(1) (Possession with Intent to Distribute and Distribution of Heroin)**

**21 U.S.C. §§ 841(a)(1) and 841(b)(1) (Possession with Intent to Distribute Marijuana)**

**21 U.S.C. § 856(A)(1) (Maintaining a Drug-Involved Premises)**

**21 U.S.C. § 843(b) (Use of a Telephone to Facilitate the Commission of a Drug-Trafficking Felony)**

**18 U.S.C. § 922(g)(1) (Possession of a Firearm/Ammunition by a Convicted Felon)**

**21 U.S.C. § 853 (Criminal Forfeiture)**

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE

(Conspiracy To Possess With Intent To Distribute And To Distribute Cocaine Base)

1.      From in or about June 2009 to in or about September 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **JOSEPH SMITH**, a.k.a. "Nitty," **ROME ADAMS**, a.k.a. "Cup" and "E," **ANDREA SPENCER**, a.k.a. "Jackie" and "Miss Jackie," **JAMES HARRIS**, a.k.a. "BK," **BLANCHARD BAISDEN**, a.k.a. "Shrek," "Weedy," "Yak" and "B," **COREY CALBERT**, a.k.a. "Bump," **BREANN WYNTER**, a.k.a. "Bree," **KYLE PITTS**, a.k.a. "Bark," **KENDAL WILLIAMS**, a.k.a. "Cent," **LIONEL GARDNER**, a.k.a. "Bleek," **MICHAEL PETTUS**, a.k.a. "Michael Dixon" and "Mez," **JOVAN SMITH**, a.k.a. "Hood," **ANTHONY CARUSO**, a.k.a. "Tone," **ARMANDO SOTO**, a.k.a. "Cuba," and **BRANDY DAVIS**, the defendants herein, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and to possess with intent to distribute 280 or more grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(A)(iii).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

(Conspiracy To Possess With Intent To Distribute And To Distribute Heroin)

2.      From in or about June 2009 to in or about September 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **JOSEPH SMITH**, a.k.a.

"Nitty," **ROME ADAMS**, a.k.a. "Cup" and "E," **JAMES HARRIS**, a.k.a. "BK," **EDWIN MALDONADO**, a.k.a. "Chunk," **JOSE MARTINEZ**, a.k.a. "Jav," and **TAMARA ANDERSON**, a.k.a. "T-Money," the defendants herein, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and to possess with intent to distribute 100 or more grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(i).

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

(Conspiracy To Possess With Intent To Distribute And To Distribute Marijuana)

3.     From in or about June 2009 to in or about September 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **JOSEPH SMITH**, a.k.a. "Nitty," **ROME ADAMS**, a.k.a. "Cup" and "E," **BLANCHARD BAISDEN**, a.k.a. "Shrek," "Weedy," "Yak" and "B," **BREANN WYNTER**, a.k.a. "Bree," **ERIC HIPPOLYTE**, a.k.a. "Aaron Hippolyte," and "Hip," **BRANDON JONES**, a.k.a. "City," **DOMINIQUE MACK**, a.k.a. "Little Sweets," **FLOYD RILEY**, a.k.a. "F," **CHERRY BLUE**, a.k.a. "Toya," **RASCELL LEGGETT**, a.k.a. "Cell" and "Fat Ass," and **TAMARA ANDERSON**, a.k.a. "T-Money," the defendants herein, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

## COUNT FOUR

(Conspiracy To Possess With Intent To Distribute And To Distribute Cocaine Base)

4.        From in or about June 2009 to in or about September 2010, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, **MALLORY MICKENS**, a.k.a. "Buddha," the defendant herein, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and to possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 846.

## COUNT FIVE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

5.        On or about December 15, 2009, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

(Possession With Intent to Distribute and Distribution of Cocaine Base)

6.      On or about December 21, 2009, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

7.      On or about December 23, 2009, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

(Possession With Intent to Distribute and Distribution of Cocaine Base)

8.      On or about January 5, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

-5-

## COUNT NINE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

9.      On or about January 7, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

10.     On or about January 22, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

11.     On or about February 5, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

-6-

## COUNT TWELVE

(Possession With Intent to Distribute Cocaine Base)

12.     On or about May 4, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," and **BREANN WYNTER**, a.k.a. "Bree," the defendants herein, did knowingly and intentionally possess with intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii), and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

(Possession With Intent to Distribute Heroin)

13.     On or about May 4, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOURTEEN

(Possession With Intent to Distribute Marijuana)

14.     On or about May 4, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," and **BREANN WYNTER**, a.k.a. "Bree," the defendants herein, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

(Possession of a Firearm by a Convicted Felon)

15.     On or about May 4, 2010, in the District of Connecticut, **JOSEPH SMITH**, a.k.a. "Nitty," the defendant herein, having been convicted in the Superior Court of the State of Connecticut of crimes punishable by imprisonment exceeding one year, that is: 1) Sale of Illegal Drugs, in violation of Conn. Gen. Stat. § 21a-278(b), and Criminal Possession of a Firearm, in violation of Conn. Gen. Stat. § 53a-217, on June 8, 2004; 2) Sale of Hallucinogen/Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on June 6, 2003; and 3) Sale of Hallucinogen/Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on September 30, 1998, did knowingly possess a firearm in and affecting commerce, that is: one Smith & Wesson, Model 19-4, .357 revolver, bearing serial number 44K8852, which had been transported in interstate or foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SIXTEEN

(Maintaining a Drug-Involved Premises)

16.     From on or about March 8, 2008, to on or about May 4, 2010, in the District of Connecticut, **BREANN WYNTER**, a.k.a. "Bree," the defendant herein, knowingly and intentionally used and maintained a residence at 39 Baltimore Street, Hartford, Connecticut, for the purpose of distributing cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 856(a)(1) and 856(b).

## COUNT SEVENTEEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

17.     On or about August 18, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a. "Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHTEEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

18.     On or about August 21, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a. "Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINETEEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

19.     On or about August 27, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a. "Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY

(Possession With Intent to Distribute and Distribution of Cocaine Base)

20.    On or about September 1, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a."Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-ONE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

21.    On or about September 8, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a."Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-TWO

(Possession With Intent to Distribute and Distribution of Cocaine Base)

22.    On or about September 16, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a."Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-THREE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

23.     On or about November 5, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a."Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FOUR

(Possession With Intent to Distribute and Distribution of Cocaine Base)

24.     On or about November 24, 2009, in the District of Connecticut, **MALLORY MICKENS**, a.k.a."Buddha," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FIVE

(Possession With Intent to Distribute and Distribution of Heroin)

25.     On or about March 12, 2010, in the District of Connecticut, **ALLEN BAILEY**, a.k.a."Cheese," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-SIX

(Possession With Intent to Distribute and Distribution of Heroin)

26.     On or about June 18, 2010, in the District of Connecticut, **ALLEN BAILEY**, a.k.a."Cheese," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-SEVEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

27.     On or about June 22, 2010, in the District of Connecticut, **ALLEN BAILEY**, a.k.a."Cheese," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-EIGHT

(Possession With Intent to Distribute and Distribution of Cocaine Base)

28.     On or about June 25, 2010, in the District of Connecticut, **ALLEN BAILEY**, a.k.a."Cheese," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, 28 grams or more a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

### COUNT TWENTY-NINE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

29.     On or about November 16, 2009, in the District of Connecticut, **JEFFREY MERRITT**, a.k.a."Compton," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY

(Possession With Intent to Distribute and Distribution of Cocaine Base)

30.     On or about November 24, 2009, in the District of Connecticut, **JEFFREY MERRITT**, a.k.a."Compton," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY-ONE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

31.     On or about November 25, 2009, in the District of Connecticut, **JEFFREY MERRITT**, a.k.a."Compton," the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-TWO

(Possession With Intent to Distribute and Distribution of Cocaine Base)

32.    On or about August 6, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-THREE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

33.    On or about August 7, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-FOUR

(Possession With Intent to Distribute and Distribution of Cocaine Base)

34.    On or about August 14, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY-FIVE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

35.     On or about August 24, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY-SIX

(Possession With Intent to Distribute and Distribution of Cocaine Base)

36.     On or about August 28, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY-SEVEN

(Possession With Intent to Distribute and Distribution of Cocaine Base)

37.     On or about September 2, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY-EIGHT

(Possession With Intent to Distribute and Distribution of Cocaine Base)

38.     On or about September 16, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT THIRTY-NINE

(Possession With Intent to Distribute and Distribution of Cocaine Base)

39.     On or about September 29, 2009, in the District of Connecticut, **FRITZ VOLCY**, the defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FORTY

(Possession With Intent to Distribute Cocaine Base)

40.     On or about August 4, 2010, in the District of Connecticut, **ANDREA SPENCER**, a.k.a. "Jackie" and "Miss Jackie," the defendant herein, did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

-16-

## COUNT FORTY-ONE

(Possession of a Firearm by a Convicted Felon)

41.     From on or about July 17, 2010, to on or about July 29, 2010, in the District of Connecticut, **JAQUAN LEGGETT**, a.k.a. "Tipsy," the defendant herein, having been convicted in the Superior Court of the State of Connecticut of crimes punishable by imprisonment exceeding one year, that is: 1) Carrying a Pistol without a Permit, in violation of Conn. Gen. Stat. § 29-35(a), on June 20, 2007; 2) Sale of Hallucinogen/Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on May 23, 2006; and 3) Sale of Hallucinogen/Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on May 23, 2006, did knowingly possess firearms in and affecting commerce, that is: (1) one Smith & Wesson, .357 Magnum revolver, bearing serial number 97333; (2) one Highpoint, Model CF, .380 semi-automatic pistol, bearing serial number 821238; (3) one Jennings, Model 25 Auto, .25 caliber semi-automatic pistol, bearing serial number 243867; and (4) one Astra, Model 600/43, 9 mm semi-automatic pistol, bearing serial number 16580, each of which had been transported in interstate or foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT FORTY-TWO

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

42.     On or about May 1, 2010, in the District of Connecticut, **CHERRY BLUE**, a.k.a. "Toya," the defendant herein, knowingly, intentionally and unlawfully used a communications

facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-THREE

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

43.     On or about May 2, 2010, in the District of Connecticut, **ERIC HIPPOLYTE**, a.k.a. "Aaron Hippolyte" and "Hip," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-FOUR

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

44.     On or about May 5, 2010, in the District of Connecticut, **BRANDON JONES**, a.k.a. "City," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNTY FORTY-FIVE

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

45.     On or about June 4, 2010, in the District of Connecticut, **RASCELL LEGGETT**, a.k.a. "Cell" and "Fat Ass," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-SIX

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

46.     On or about June 4, 2010, in the District of Connecticut, **DOMINIQUE MACK**, a.k.a. "Little Sweets," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-SEVEN

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

47.     On or about June 4, 2010, in the District of Connecticut, **FLOYD RILEY**, a.k.a. "F," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that

is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-EIGHT

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

48.     On or about March 27, 2010, in the District of Connecticut, **DEQUAN BARNO**, a.k.a. "Day Day," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FORTY-NINE

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

49.     On or about April 15, 2010, in the District of Connecticut, **DEQUAN BARNO**, a.k.a. "Day Day," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

-20-

### COUNT FIFTY

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

50.     On or about April 28, 2010, in the District of Connecticut, **DEQUAN BARNO**, a.k.a. "Day Day," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of heroin, a Schedule I controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

### COUNT FIFTY-ONE

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

51.     On or about April 17, 2010, in the District of Connecticut, **TAMARA ANDERSON**, a.k.a. "T-Money," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

### COUNT FIFTY-TWO

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

52.     On or about March 16, 2010, in the District of Connecticut, **BRANDY DAVIS**, the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute

-21-

and distribution of heroin, a Schedule I controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-THREE

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

53.     On or about March 22, 2010, in the District of Connecticut, **ALLEN BAILEY**, a.k.a. "Cheese," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of heroin, a Schedule I controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-FOUR

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

54.     On or about May 1, 2010, in the District of Connecticut, **RICKY HURT**, a.k.a. "Fool," the defendant herein, knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of marijuana, a Schedule I controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-FIVE

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

55.     On or about June 4, 2010, in the District of Connecticut, **CURON JOHNSON**, a.k.a. "Buck," the defendant herein, knowingly, intentionally, and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTY-SIX

(Use of a Telephone to Facilitate Commission of a Drug-Trafficking Felony)

56.     On or about May 25, 2010, in the District of Connecticut, **SHANE HENRIQUES**, a.k.a. "Banks," the defendant herein, knowingly, intentionally, and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of heroin, a Schedule I controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## FORFEITURE ALLEGATION

(Controlled Substances Offenses)

Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Fourteen, Counts Sixteen through Forty and Counts Forty-Two through Fifty-Six of this Superseding Indictment, the defendants, **JOSEPH SMITH**, a.k.a. "Nitty," **ROME ADAMS**, a.k.a. "Cup" and "E," **ANDREA SPENCER**, a.k.a. "Jackie" and "Miss Jackie," **JAMES HARRIS**, a.k.a. "BK," **BLANCHARD BAISDEN**, a.k.a. "Shrek," "Weedy," "Yak" and "B," **COREY CALBERT**, a.k.a. "Bump," **BREANN WYNTER**, a.k.a. "Bree," **KYLE PITTS**, a.k.a. "Bark," **KENDAL WILLIAMS**, a.k.a. "Cent," **LIONEL GARDNER**, a.k.a. "Bleek," **MALLORY MICKENS**, a.k.a. "Buddha," **EDWIN MALDONADO**, a.k.a. "Chunk," **JOSE MARTINEZ**, a.k.a. "Jav," **ALLEN BAILEY**, a.k.a. "Cheese," **ERIC HIPPOLYTE**, a.k.a. "Aaron Hippolyte" and "Hip," **BRANDON JONES**, a.k.a. "City," **DOMINIQUE MACK**, a.k.a. "Little Sweets," **FLOYD RILEY**, a.k.a. "F," **CHERRY BLUE**, a.k.a. "Toya," **MICHAEL PETTUS**, a.k.a. "Michael Dixon" and "Mez," **JOVAN SMITH**, a.k.a. "Hood," **TAMARA ANDERSON**, a.k.a. "T-Money," **ANTHONY CARUSO**, a.k.a. "Tone," **ARMANDO SOTO**, a.k.a. "Cuba," **BRANDY DAVIS**, **RASCELL LEGGETT**, a.k.a. "Cell" and "Fat Ass," **JEFFREY MERRITT**, a.k.a. "Compton," **FRITZ VOLCY**, **DEQUAN BARNO**, a.k.a. "Day Day," **RICKY HURT**, a.k.a. "Fool," **CURON JOHNSON**, a.k.a. "Buck," and **SHANE HENRIQUES**, a.k.a. "Banks," shall forfeit to the United States, pursuant to 21 U.S.C. § 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation(s) of 21 U.S.C. §§ 846, 841, 843(b) and 856, and any property used, or intended to be used, in any manner or part,

to commit, or to facilitate the commission of the said violation(s), and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

## **FORFEITURE ALLEGATION**

### (Firearm Offenses)

Upon conviction of the offenses alleged in Counts Fifteen and Forty-One of this Superseding Indictment, **JOSEPH SMITH**, a.k.a. "Nitty," and **JAQUAN LEGGETT**, a.k.a. "Tipsy," the defendants herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in the commission of the offenses, including but not limited to the following:

(1)     Smith & Wesson, Model 19-4, .357 revolver, bearing serial number 44K8852;

(2)     Smith & Wesson, .357 Magnum revolver, bearing serial number 97333;

(3)     Highpoint, Model CF, .380 semi-automatic pistol, bearing serial number 821238;

(4)   **Jennings**, Model 25 Auto, .25 caliber semi-automatic pistol, bearing serial number 243867; and

(5)   **Astra, Model 600/43**, 9 mm semi-automatic pistol, bearing serial number 16580.

A TRUE BILL

/s/

FOREPERSON

DAVID B. FEIN
UNITED STATES ATTORNEY

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY

BRIAN P. LEAMING
ASSISTANT UNITED STATES ATTORNEY