UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO.: 3:10CR148 (EBB) |
| JOSEPH JAMES SMITH; ROME ADAMS; | ) | |
| ANDREA SPENCER; JAMES HARRIS; | ) | |
| BLANCHARD BAISDEN; COREY CALBERT; | ) | |
| BREANN WYNTER; KYLE PITTS; | ) | |
| KENDEL WILLIAMS; LIONEL GARDNER; | ) | |
| MALLORY MICKENS; EDWIN MALDONADO; | ) | |
| JOSE MARTINEZ; **ALLEN BAILEY**; | ) | |
| AARON HIPPOLYTE; BRANDON JONES; | ) | |
| DOMINIQUE MACK; FLOYD RILEY; | ) | |
| CHERRY BLUE; MICHAEL PETTUS; | ) | |
| JOVAN SMITH; TAMARA ANDERSON; | ) | |
| ANTHONY CARUSO; ARMANDO SOTO; | ) | |
| BRANDY DAVIS; RASCELL LEGGETT; | ) | |
| JAQUAN LEGGETT; JEFFREY MERRITT; | ) | |
| FRITZ VOLCY; DEQUAN BARNO; | ) | |
| RICKY HURT; CURON JOHNSON; AND | ) | |
| SHANE HENRIQUES, | ) | APRIL 2, 2012 |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALLEN BAILEY'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO SEVER**

Defendant Allen Bailey, by and through counsel, hereby submits his Memorandum of Law in Support of Defendant's Motion to Sever, dated April 2, 2012. For the reasons set forth in Defendant Allen Bailey's Motion to Sever, as further set forth below and at a hearing on this matter, Defendant's Motion to Sever should be granted.

I.   BACKGROUND

1. On September 15, 2010 a Superseding Indictment was

returned by a grand jury sitting in Hartford, Connecticut charging Defendant, in Counts 25 through Count 28, with possession with intent to distribute and distribution of heroin and cocaine base, in violation of 21 U.S.C.A §841(a)(1) and §841(b)(1)(C). Defendant was also charged, in Count 53, with the use of a telephone to facilitate commission of a drug-trafficking felony, in violation of 21 U.S.C.A § 843(b).

2. There are a total of 56 Counts in the Superseding Indictment charging 33 individuals with various crimes.

3. Counts 1 through 4 allege the existence of a drug conspiracy, of which Defendant is not a charged participant. The remaining 52 Counts involve individual charges on differing dates and times.

4. Undersigned counsel was appointed to represent Defendant Allen Bailey on March 8, 2012.

5. A trial in this matter is scheduled to begin on April 10, 2012.

**II. ARGUMENT**

Rule 14 of the Federal Rules of Criminal Procedure permits severance at the discretion of the court. The rule provides that "[i]f it appears that a defendant or the government is

prejudiced by a joinder of defendants in an indictment ... or by such joinder for trial together, the court may ... grant a severance of defendants or provide whatever other relief justice requires."

Generally, there is a presumption that persons indicted together should be tried together. *See United States v. Gallo,* 668 F.Supp. 736, 748 (E.D.N.Y.1987). This presumption was designed to promote judicial economy by preventing multiple, time-consuming and expensive trials. *United States v. Borelli,* 435 F.2d 500, 502 (2d Cir.1970), *cert. denied,* 401 U.S. 946, 91 S.Ct. 963 (1971). A defendant may overcome this presumption by demonstrating that a joint trial would result in substantial prejudice and that he or she will be denied a fair trial. *United States v. Crozzoli,* 698 F.Supp. 430, 437 (E.D.N.Y.1988).

In determining whether sufficient prejudice exists to justify severance, the following criteria should be considered:

> (1) the number of defendants; (2) the number of counts; (3) the complexity of the indictment; (4) the estimated length of trial; (5) disparities in the amount or type of proof offered against each defendant; (6) disparities in the degrees of involvement by each defendant in the overall scheme; (7) possible conflict between various defense theories or trial strategies; and (8) prejudice from evidence admitted against co-defendants which is inadmissible or excluded as to a particular defendant.

*United States v. Gallo,* 668 F.Supp. at 749. None of these factors is by itself dispositive. Instead, the court must consider them together to determine whether the jury

will be able to attribute the evidence accurately as to each defendant. *Id.* In this case, several factors suggest that such compartmentalization might be difficult and prejudice would result to Defendant Allen Bailey, justifying severance under Rule 14.

In this case, there are 33 Defendants and 56 Counts. Some of the Defendants are charged with conspiracy to possess and to distribute controlled substances; many of the Defendants are not. In fact, there are many different Defendants charged with similar drug related offenses on different dates that are irrelevant to other Defendants. Thus, the jury will find it difficult to distinguish the evidence related to Defendant Allen Bailey from that relating to the other Defendants, especially after a long and complicated trial. *U.S. v. Upton*, 856 F.Supp. 727, 749 (E.D.N.Y. 1994).

The difficulties of a complex case such as this one are compounded for Defendants who are named in a small portion of the Indictment and against whom only a small portion of the evidence is relevant. *U.S. v. Upton*, 856 F.Supp. at 749. In the instant case, absent severance, Defendant Bailey would have to endure a trial involving many incidents of misconduct, which does not involve him. *See Id*. The accumulation of evidence during the course of trial places the uninvolved Bailey at risk of "spillover" because the jurors may not be able to prevent

themselves from attributing the evidence of the uninvolved Defendant Bailey. The result would be unfair prejudice to the uninvolved Defendant Bailey.

Even if the risk of prejudice discussed above does not rise to the level where severance would be *required,* another factor—the efficient administration of justice—tips the balance in favor of severance. *See Gallo,* 668 F.Supp. at 753. In the present case, severing the trial would promote judicial efficiency and would not result in judicial waste, as is often argued in opposition to severance motions. *See id.*

Undersigned counsel was only appointed to represent Defendant on March 8, 2012. Since that time, counsel has diligently attempted to prepare for trial. However, given the volume of evidence and the intricate legal issues involved, counsel simply cannot be prepared to begin a trial on April 10, 2012. Further, if counsel had additional time to review the evidence, conduct legal research and spend more time with Defendant Bailey, an alternative resolution to this matter may be reached. In other words, a trial may not be necessary if Defendant is given additional time. Consequently, the expenditure of judicial resources would be kept to a minimum.

### III. CONCLUSION

For the reasons set forth above and at a hearing on this matter, Defendant Allen Bailey respectfully requests this Court

order the trial of Defendant Allen Bailey severed from the trial of the other Defendants.

>Respectfully submitted,
>
>DEFENDANT: ALLEN BAILEY
>
>
>BY:_____/s/_____
>
>NICHOLAS J. ADAMUCCI, ESQ.
>ADAMUCCI, LLC.
>80 FOURTH STREET
>STAMFORD, CT 06905
>TEL NO: (203) 969-6400
>FAX NO: (203) 969-6401
>EMAIL: adamuccilaw@hotmail.com
>FEDERAL BAR NO: ct27299

### ORDER

The foregoing Motion having been heard by the Court is hereby ORDERED:

>GRANTED/DENIED
>
>BY: _____
>JUDGE/CLERK

### CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2012, a copy of the foregoing Motion was filed electronically and served by mail to

anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____

NICHOLAS J. ADAMUCCI, ESQ.
ADAMUCCI, LLC.
80 FOURTH STREET
STAMFORD, CT 06905
TEL NO: (203) 969-6400
FAX NO: (203) 969-6401
EMAIL: adamuccilaw@hotmail.com
FEDERAL BAR NO: ct27299