
**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Abraham A. Ribicoff Federal Building*    (860) 947-1101
*450 Main Street, Room 328*    *Fax (860) 760-7979*
*Hartford, Connecticut 06103*    *www.usdoj.gov/usao/ct*

June 7, 2012

Nicholas Adamucci, Esq.
Adamucci, LLC
80 Fourth Street
Stamford, CT 06905

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
June 7, 2012
Roberta D. Tabora, Clerk
By P. A. Villano
Deputy Clerk

**Re:    United States v. Allen Bailey**
         **3:10CR 148 (EBB)**

Dear Attorney Adamucci:

This letter confirms the plea agreement entered into between your client, Allen Bailey (the "defendant") and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal case.

**The Plea and Offense**

Allen Bailey agrees to plead guilty to Count Twenty-Eight of the Superseding Indictment charging him with possession with intent to distribute, and distribution, of 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). He understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1.    On or about June 25, 2010, the defendant possessed with intent to distribute, and distributed, a controlled substance, that is, cocaine base;

2.    The defendant knew that the substance was cocaine base;

3.    The defendant intended to distribute the substance; and

4.    The amount of the cocaine base that the defendant possessed with intent to distribute, and distributed, was 28 grams or more.

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 2*

**The Penalties**

This offense carries a minimum mandatory penalty of five (5) years of imprisonment and a maximum penalty of forty (40) years of imprisonment and a maximum fine of $5,000,000. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least four (4) years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of three (3) years.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $5,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court by the time of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

Forfeiture

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**Sentencing Guidelines**

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 3*

report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

    2.    Determination of Quantity

The defendant agrees and acknowledges that his relevant and reasonably forseeable offense conduct involved 78.5 grams of cocaine base and 10 grams of heroin, and waives any right to a jury trial or sentencing hearing in connection with such issue.

    3.    Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.

The above-listed recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition through the submission of a complete and truthful financial statement. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The Government will not make the recommendations if the defendant engages in any acts which, in the Government's view, (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make the recommendations if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations.

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 4*

    4.    <u>Guideline Stipulation</u>

The parties agree as follows:

The Guideline Manual in effect on the date of sentencing is used to determine the applicable Guideline range.

The defendant and the Government agree that the drug quantities which form the basis of the offense to which he is pleading guilty and the defendant's relevant and readily foreseeable conduct (<u>see</u> U.S.S.G. § 1B1.3, app. note 1) is 78.5 grams of cocaine base and 10 grams of heroin, which yields a base offense level of 26. The parties also agree that three levels should be subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, which results in an adjusted offense level of 23.

Based on the information available to the parties at this time, including information from the defendant himself, it appears that the defendant is in Criminal History Category VI. The parties expressly reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 23, assuming a Criminal History Category VI, would result in a Guideline imprisonment range of 92 to 115 months (sentencing table) and a Guideline fine range of $10,000-$5,000,000 (U.S.S.G. § 5E1.2(c)(4)). The defendant also is subject to a supervised release term of 4 years to life.

It also appears, however, that the defendant may be a career offender under U.S.S.G. § 4B1.1 as a result of his prior convictions for either crimes of violence or controlled substance offenses. If the defendant is a career offender, his adjusted offense level, after a three-level reduction for acceptance of responsibility, will be 31, and he will be in Criminal History Category VI, for a resulting Sentencing Guideline range of 188-235 months' imprisonment (sentencing table) and a $15,000 to $5,000,000 fine (U.S.S.G. § 5E1.2(c)(3)).

The parties acknowledge that in light of the defendant's prior convictions for a felony drug offense, the defendant may be eligible for a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(B) and 851, which would expose him to a minimum mandatory penalty of ten (10) years of imprisonment, a maximum penalty of life imprisonment, a maximum fine of $8,000,000 and a term of supervised release of at least 8 years and as much as life. In light of this plea agreement, the Government agrees that it will not file the information required by 21 U.S.C. § 851, and therefore the defendant will not be exposed to these enhanced penalties.

Neither party will seek any further adjustments to the guidelines calculation other than those set forth herein. The defendant reserves the right to seek any downward departures (<u>see</u>

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 5*

U.S.S.G. Chapter 5, Part K) that he believes may be applicable and further reserves the right to advocate the imposition of a non-guidelines sentence. The Government reserves the right to oppose any such requests and to seek whatever sentence it believes is appropriate.

The defendant expressly understands that the Court is not bound by this agreement on the Guidelines ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of additional relevant facts that come to their attention.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

     5.     <u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to appeal his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 188 months of imprisonment, a $5 million fine and 4 years of supervised release, even if the Court imposes such a sentence based on an analysis different from that specified above. If the sentence does exceed 188 months of imprisonment, a $5 million fine and 4 years of supervised release, the defendant may appeal the sentence only, not the underlying conviction. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant expressly acknowledges that he is waiving his appellate rights and rights of collateral attack knowingly and intelligently. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

     6.     <u>Information to the Court</u>

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 6*

**Waiver of Rights**

    1.    <u>Waiver of Trial Rights and Consequences of Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

    2.    <u>Waiver of Statute of Limitations</u>

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

**Acknowledgment of Guilt; Voluntariness of Plea**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 7*

understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

### Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

### Collateral Consequences

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

### Satisfaction of Federal Criminal Liability

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his narcotics activity which forms the basis for the charge in the Superseding Indictment. At sentencing, the Government will move to dismiss Counts Twenty-Five through Twenty-Seven and Fifty-Three of the

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 8*

Superseding Indictment against the defendant because the conduct underlying these counts has been taken into account in calculating the defendant's applicable Guidelines range.

**Breach**

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

*Attorney Nicholas Adamucci*
*June 7, 2012*
*Page 9*

**No Other Promises**

    The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

    This letter shall be presented to the Court, in open court, and filed in this case.

                            Very truly yours,

                            DEIRDRE M. DALY
                            ATTORNEY FOR THE UNITED STATES
                            ACTING UNDER AUTHORITY
                            CONFERRED BY 28 U.S.C. § 515

                            */s/ Geoffrey M. Stone*
                            GEOFFREY M. STONE
                            ASSISTANT UNITED STATES ATTORNEY

    The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

*/s/ Allen Bailey*                         6-7-12
ALLEN BAILEY                            Date
The Defendant

    I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

*/s/ Nicholas Adamucci*               6-7-12
NICHOLAS ADAMUCCI, ESQ.       Date
Attorney for the Defendant