

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| Abraham A. Ribicoff Federal Building | (860) 947-1101 |
| 450 Main Street Room 328 | Fax (860) 240-3291 |
| Hartford, CT 06103 | www.justice.gov/usao/ct |

May 30, 2014

Moira Lynn Buckley
Law Office of Moira Buckley, LLC
55 Oak Street, Suite 4
Hartford, CT 06106

United States District Court
District of Connecticut
FILED AT  NEW HAVEN
May 30, 2014
Roberta D. Tabora, Clerk
By P. A. Villano
Deputy Clerk

Re:  **United States v. Allen Bailey**
     **3:10CR 148 (EBB)**

Dear Attorney Buckley:

As a supplement and revision to the parties written plea agreement, which was executed on June 7, 2012, the defendant Allen Bailey (the "defendant") and the United States Attorney's Office for the District of Connecticut (the "Government") make the following additional agreements:

The defendant and the Government agree that there are litigable issues as to whether the Government can prove that the defendant is a career offender under U.S.S.G. § 4B1.1 as a result of his prior convictions. By this supplemental agreement, the Government agrees that it will not seek to enhance the defendant's Guideline range under U.S.S.G. § 4B1.1.

The parties understand that, at the time this plea agreement is signed, the United States Sentencing Commission has proposed an amendment to the Sentencing Guidelines that would generally lower the base offense levels in the Drug Quantity Table in Guideline § 2D1.1 (the "proposed amendment"). It is anticipated that the proposed amendment, if approved, would take effect on November 1, 2014. If the proposed amendment is approved in its current form, the parties agree that the defendant's relevant and readily foreseeable conduct of 78.5 grams of cocaine base and 10 grams of heroin would result in a base offense level of 24 under U.S.S.G. § 2D1.1. A total offense level 21, which would apply under the proposed amendment, when combined with a Criminal History Category VI, would result in a range of 77 to 96 months of imprisonment (sentencing table) and a fine range of $7,500 to $5,000,000, pursuant to U.S.S.G. § 5E1.2(c). The defendant is also subject to a supervised release term of 4 years to life. U.S.S.G. § 5D1.2.

In light of the proposed amendment, the Government agrees not to object to a downward variance to give effect to the proposed amendment. In other words, the Government agrees not to object to a downward variance to the guidelines range as set forth in the preceding paragraph.

The parties further agree to revise the defendant's appellate waiver provision so that the defendant retains the right to appeal his sentence if the Court imposes a sentence of more than 96 months of imprisonment. Specifically, the parties agree to the following revised paragraph regarding the defendant's waiver of his appellate rights:

"Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to appeal his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 96 months of imprisonment, a $5 million fine and 4 years of supervised release, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver."

The defendant agrees to withdraw his motion to vacate his plea agreement.

The defendant and the Government expressly agree and understand that this supplemental letter agreement and the plea agreement letter dated June 7, 2012 together constitute the entire plea agreement.

DEIRDRE M. DALY
UNITED STATES ATTORNEY

*/s/ Geoffrey M. Stone*

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

*/s/ Allen Bailey*                             5/30/2014
ALLEN BAILEY                                   Date
The Defendant

I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

*/s/ Moira Buckley*                            5/30/2014
MOIRA BUCKLEY, ESQ.                            Date
Attorney for the Defendant

2